# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LUIS ZAYAS,**

      **Plaintiff,**

**v.**                                                                     **Case No:   6:12-cv-1553-Orl-31TBS**

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 24) of Magistrate Judge Smith (Doc. 24), the Objection (25) filed by the Plaintiff, and the Response (Doc. 26) filed by the Commissioner.   Upon *de novo* review, the Court agrees with the Report and Recommendation.

The Plaintiff first complains that Judge Smith improperly disposed of his argument that the ALJ failed to consider his severe airway obstruction.   More specifically, as part of his argument that the ALJ had not properly considered the effects of his obesity, the Plaintiff had complained that "objective spirometry testing in the record" showed that he had "very severe" symptoms due to a combination of "chronic obstructive pulmonary disorder, asthma, and obesity," and that the ALJ had "failed to discuss or even reference the fact that Plaintiff suffers from 'severe' airway obstruction for which medications provide no significant improvement."   (Doc. 17 at 22.) However, the ALJ did reference the spirometry test results at step three, when he found that those test results fell short of the threshold needed to demonstrate that the Plaintiff had an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1.   (Doc. 12-2 at 12).   The ALJ also referenced those test results at step five.   (Doc. 12-2 at 14).   The ALJ did not discuss the test results at step five; however, as Judge Smith pointed out, the ALJ was not required to do so.   The Plaintiff argues that the ALJ was required to discuss the test results because they directly contradicted an X-ray report that was done eight days after the spirometry testing and which was given great weight by the ALJ.   However, it is not clear that the spirometry testing and the X-ray report are directly contradictory.   The former states that the Plaintiff had a "severe obstruction," while the latter report, which was prepared by a radiologist, describes the Plaintiff as having "mild COPD". (Doc. 12-7 at 23).

The Plaintiff has not shown that the spirometry test results, if credited, would establish his disability.   There also has been no showing that the spirometry results support the Plaintiff's original point – that consideration of his obesity in combination with his COPD and asthma should lead to a different result than the ALJ reached by considering only the latter two.   The Court agrees that the ALJ did not err by failing to discuss the spirometry results.

The Plaintiff also contends that the ALJ failed to consider his obesity, and that Judge Smith improperly concluded that the ALJ was not required to do so because the Plaintiff had not alleged that he suffered any limitations as a result of his obesity.   The Plaintiff contends that Judge Smith's conclusion is in conflict with the ALJ's obligation to develop the record in what is a non-adversarial proceeding.   However, as Judge Smith pointed out, the Plaintiff did not allege disability due to obesity in his application, disability report, or at the administrative hearing.   The Plaintiff has not identified any medical evidence showing that he has greater limitations than what is provided in the ALJ's residual functional capacity determination.   And the Plaintiff does not argue that he suffers distinct limitations due to his weight.   (Doc. 24 at 15).   The Plaintiff argues

that the spirometry test results discussed above indicate that his obesity limits his breathing. But the test results themselves simply state that an airway obstruction existed. They do not state that the obstruction was caused by (or aggravated by) obesity. And the Plaintiff has not shown that the ALJ should have reached a different result if he had attributed that obstruction to obesity, or that he made such an argument to the ALJ. The Court cannot fault the ALJ for failing to reach such a conclusion on his own.

The ALJ found that the Plaintiff still has the residual functional capacity to perform light work and determined that the Plaintiff could perform his past relevant work as an offset print operator, as well as several other jobs that exist in significant numbers. In reaching these conclusions, the ALJ relied at least in part on the Dictionary of Occupational Titles ("DOT"). The Plaintiff argues that the DOT is outdated, noting that the Commissioner has been seeking to replace it with a new "Occupational Information System" for more than five years. The Plaintiff also argues that the DOT's description of the duties of an offset press operator are outdated because that description has not been updated since 1977, and the Commissioner's own regulations indicate that job descriptions become gradually outdated over the course of 15 years. Finally, the Plaintiff argues that when he worked as an offset press operator, he was required to regularly lift more than 50 pounds, and he describes this as further evidence that the job is no longer performed at a "light" exertional level.

None of these arguments establishes that the ALJ erred by relying on the DOT to determine that the Plaintiff could still perform his past relevant work as an offset print operator. It is true the Department of Labor stopped updating the DOT, which has caused the Commissioner to seek to implement a new Occupational Informational System. However, the Labor Department stopped updating the DOT in 1991. Despite this, the Social Security Administration continues to

rely on it. The Plaintiff has not cited any authority holding that the DOT, as a whole, no longer provides substantial evidence to support findings that a claimant can perform a particular job. And while the regulations cited by the Plaintiff do refer to jobs gradually changing, the 15-year period is relevant to a claimant's work experience, not the job description:

> Work experience means skills and abilities you have acquired through work you have done which show the type of work you may be expected to do. Work you have already been able to do shows the kind of work that you may be expected to do. We consider that your work experience applies when it was done within the last 15 years, lasted long enough for you to learn to do it, and was substantial gainful activity. We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled (or when the disability insured status requirement was last met, if earlier) applies. **A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to insure that remote work experience is not currently applied.**

20 C.F.R. § 404.1565(a) (emphasis added). Thus, the Commissioner has not "admitted" that jobs change so much that job descriptions become outdated after 15 years. And the Plaintiff's description of his own work history is not enough to establish the way a particular job is now generally performed.

Finally, the Plaintiff argues that the ALJ was required to reconcile a finding by a state agency that he could not perform his past relevant work with the ALJ's findings to the contrary. However, after a review of the Plaintiff's memorandum in opposition to the Commissioner's

decision, the Court finds that the Plaintiff failed to raise this issue before Judge Smith, and the Court declines to address it now in the first instance.

Accordingly, the Report and Recommendation is **CONFIRMED** and **ADOPTED** as part of this order.   The decision of the Commissioner is **AFFIRMED**.   The Clerk is directed to enter judgment in favor of the Commissioner and close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 10, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party